IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrius Antwan Wilson,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio, Maricopa County Correctional Health Services, Medical Staff Samantha Perez, Medical RN Lois Quaid,<br><br>　　　　　　Defendants. | No. CV 14-01613 PHX JAT (MEA)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JAMES A. TEILBORG:**

Plaintiff docketed a prisoner civil rights complaint and a motion for leave to proceed *in forma pauperis* on July 17, 2014. Plaintiff docketed a motion seeking leave to amend his complaint on October 2, 2014. See Doc. 5. On October 16 and November 12, 2014, Plaintiff docketed motions "for case status." See Doc. 6 & Doc. 7. In an order (Doc. 8) entered November 20, 2014, the Court noted Plaintiff had three "strikes" but that, because Plaintiff had sufficiently alleged he was in imminent danger,[1] Plaintiff could proceed in this matter *in forma pauperis*. The Court dismissed without prejudice Counts

---

[1] Specifically, Plaintiff alleges that his stoma is painful and very itchy. He further alleges that his stoma has either a rash or fungus around it. He further alleges that his stoma is "hanging out of his colostomy." Plaintiff further alleges that the doctor that performed the colostomy advised that Plaintiff should not have the colostomy for more than six months, but the medical staff at the Fourth Avenue Jail has deemed the surgery an elective procedure.

One through Seven, Nine, and Eleven through Sixteen of the amended complaint lodged at Doc. 5, and dismissed without prejudice Defendants Arpaio and Maricopa County Correctional Health Services.[2] The Court ordered Defendant "Medical Staff Samantha" to answer Count Eight of the amended complaint and ordered Defendant "Medical R.N. Lois" to answer Count Ten, with regard to events alleged to have occurred in August and September 2014.[3] Service was executed on these Defendants, who answered the complaint on February 17, 2015. See Doc. 20.

On February 18, 2015, a scheduling order was issued, requiring any motion to dismiss or for judgment as a matter of law based on the failure to exhaust be docketed by April 3, 2015. On April 2, 2015, Defendants docketed a motion to dismiss Plaintiff's claims for failure to comply with Arizona's "notice of claim" statutes. See Doc. 28.[4]

---

[2]

Plaintiff does not name any Defendant in his allegations in Counts One through Six and Eleven through Sixteen, and thus has failed to state a claim against any named Defendants in those counts. Accordingly, Counts One through Six and Eleven through Sixteen will be dismissed.
\*\*\*
In Counts Seven and Nine, Plaintiff alleges a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Plaintiff alleged the same causes of action under the Fourteenth Amendment Due Process Clause in Counts Eight and Ten. Thus, Counts Seven and Nine are duplicative of Counts Eight and Ten. ... Counts Seven and Nine will be dismissed.

[3]

Liberally construed, Plaintiff states a Fourteenth Amendment due process claim based on deliberate indifference to serious medical needs against Defendant "Medical Staff Samantha" in Count Eight, and Defendant "Medical Staff Samantha" will be required to answer that count.
Liberally construed, Plaintiff also states a Fourteenth Amendment due process claim based on deliberate indifference to serious medical needs against Defendant "Medical R.N. Lois" in Count Ten, and Defendant "Medical R.N. Lois" will be required to answer that count.

[4] Arizona Revised Statutes § 12–821.01(A) requires a person who has a state-law claim against a public entity or a public employee to file the claim with the person authorized to accept service or the individual public employee within 180 days "after the cause of action accrues. Any claim not filed within that time 'is barred and no action may be maintained thereon.'" Barth v. Cochise County, 213 Ariz. 59, 62, 138 P.3d 1186, 1189 (Ct. App. 2006). Defendants also docketed a motion (Doc. 29) seeking judgment as a matter of law on all of Plaintiff's claims based on Plaintiff's failure to administrative exhaust his remedies prior to bringing suit.

On March 2, 2015, Plaintiff docketed a motion (Doc. 23) seeking leave to further amend his complaint. In the motion Plaintiff asserts he has exhausted his administrative remedies and that he was forced to handle feces with his bare hands. Plaintiff further alleges that he is not provided with proper supplies for his colostomy and that he is refused an operation to reverse the colostomy. Attached to the motion is a Health Needs Request form asking for the names of the "CHS Medical Director and Administration and the medical staff who answer all my grievances." Doc. 23, Attach. Also attached is an Inmate Legal Request form seeking the same information. Id., Attach. Also attached to the pleading is a proposed second amended complaint naming as defendants "John Doe 5 CHS Medical Director", "John Doe 5 Medical Director and Administrator", "Officer Perez A9697", "John Doe 4 medical HS585 et al.", "John Doe 6 officer A8845 et al.", two individuals, B. Piirinen and Scott Frye, named as "external referees", "R.N. Lois", "John Doe 9, CHS medical provider", "John Doe 14, medical CH168", "Medical Staff Mary", "Medical Samantha", and several John Doe defendants identified as "medical staff."

The proposed second amended complaint iterates eighteen claims for relief, all associated with Plaintiff's assertion that he is denied proper colostomy supplies and that he has been denied a colostomy reversal surgery. See id., Attach. Plaintiff's claims against the medical director and the administrator defendants are based on their adjudication of Plaintiff's grievances regarding the medical care received from the other defendants with regard to the other defendants' failure to provide adequate functional colostomy supplies to Plaintiff on specific dates in August through December of 2014. Count I alleges an Eighth Amendment claim for deliberate indifference against John Doe 2 CH718, John Doe 4 145685 and Maricopa Correctional Health Services, B. Piirinen and John Doe 5, Medical Director Administrator, citing grievance 2014-07125, for denial of surgery. Count II is a claim for due process with regard to the denial of surgery against the same defendants named in Count I. Count II is a claim for cruel and unusual punishment for being forced to hand feces with his bare hands without gloves or antibacterial soap through December of 2014 against John Doe 5 Medical Director,

MCH, John Doe 2 CH718, John Doe 4H3585 and B. Piirinen with regard to grievances 2014-06940 and 2014-07089. Count IV alleges the same facts as Count III but asserts a violation of Plaintiff's right to due process of law. Count V is an Eighth Amendment claim with regard to Plaintiff being subjected to ridicule by Officer A8845 and a lack of adequate supplies for his colostomy occurring on June 23, 2014, against "Medical Nurse Mary", and alleges there is video surveillance of this incident. Plaintiff further alleges that John Doe 5 Medical Director Administrator, John Doe 4 Medical HS585 and Scott Frye's response to his grievance on this matter was inadequate. Count VI states the same claim as Count V but alleges these acts constituted a violation of Plaintiff's Fourteenth Amendment right to due process of law. Count VII alleges a violation of Plaintiff's right to due process based on the failure to provide medical care with regard to the deprivation of colostomy supplies on June 20, 2014, by "Medical Staff Samantha." Count VIII alleges the same basic facts as Count VII, alleging that "Medical Staff Samantha, when she attends me has attitude and tries to provoke me by snapping at me and giving the impression that my serious medical needs are a burden to her and unimportant." Count IX alleges Plaintiff was denied his right to due process by "Graveyard Shift R.N. Lois" on July 5, 2014, when she refused Plaintiff medical attention. Count X states an Eighth Amendment claim based on the same facts as those stated in Count IX.

Count XI alleges a violation of the Eighth Amendment because Plaintiff received the wrong size colostomy bag on August 1, 2014, and three other times that week, and on November 30, 2014, against John Doe 10 Medical and John Doe 11 and John Doe 12. Plaintiff alleges that the event in November was despite the resolution of a grievance which provided that he was to be provided with the correct size of colostomy bag. Count XII alleges a violation of Plaintiff's right to due process based on the same facts alleged in Count XI. Count XIII alleges a violation of Plaintiff's Eighth Amendment rights because Plaintiff was denied medical care on August 7, 2014, and that he was left "with feces all over me and cloths (sic) until next day" against John Doe 13 Medical Staff. Plaintiff alleges John Doe Provider 1 "told me he wasn't here for my pain and they wasn't going to do my surgery, so I'm left in discomfort." Plaintiff alleges he was denied

adequate pain medication. Count XIV alleges a violation of Plaintiff's right to due process based on the facts alleged in Count XIII.

In Count XV Plaintiff contends he was denied his Eighth Amendment rights on September 19, 2014, by John Doe 15 Medical and on December 3, 2014 by John Doe 16 Medical. Plaintiff alleges John Doe 16 "got attitude saying I'm not stupid" and that this defendant was unconcerned about potential bleeding. In Count XVI Plaintiff alleges a violation of his right to due process based on the same facts alleged in Count XV. In Count XVII Plaintiff asserts he was denied his Eighth Amendment rights on September 23, 2014 by John Doe 17 Medical, alleging he "had to go to court with my intestines out holding nasty old wafer it." Plaintiff alleges he was also denied his rights on October 14, 2014, by Officer Perez. Count XVIII alleges a violation of Plaintiff's Fourteenth Amendment rights based on the same facts alleged in Count XVII.

Plaintiff asks the Court to order the ADOC to provide him with colostomy reversal surgery and 2.5 million dollars in damages, including punitive and compensatory damages and pain and suffering.

> "Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within certain time limits, or, in all other instances, with the court's leave." Id. (citing Fed. R. Civ. P. 15(a))." '[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" Lopez, 203 F.3d at 1130 (emphasis added) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 701 (9th Cir. 1988)). "[T]he 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel.'" Id. at 1131 (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).
>  A district court abuses its discretion by denying leave to amend where the complaint's deficiencies could be cured by naming the correct defendant. See, e.g., id. at 1130–31 (complaint named the wrong defendant); Lucas v. Dep't of Corr., 66 F.3d 245, 248–49 (9th Cir. 1995) (complaint failed to name individual defendants). If the identity of any defendant is unknown, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

> \*\*\*
> A prison official violates the Eighth Amendment when he acts with 'deliberate indifference' to the serious medical needs of an inmate." Snow, 681 F.3d at 985 (quoting Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970 [] (1994)). "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)...
> \*\*\*
> We conclude that the district court abused its discretion in denying [the plaintiff] leave to amend his second amended complaint to name the correct defendants and to discover whether any delays on their part in providing medical treatment caused or exacerbated his Lithium toxicity constituting indifference to his medical needs.

Crowley v. Bannister, 734 F.3d 967, 977-78 (9th Cir. 2013).

Defendants responded to the motion on April 10, 2015, arguing, *inter alia*, that the motion should be denied because the proposed amendments would be futile. See Doc. 32. Defendants assert:

> Plaintiff's allegations that he was not provided antibacterial soap and gloves do not rise to the level of deliberate indifference. Plaintiff has identified nothing more than a difference of opinion with medical personnel regarding reversal of his colostomy. Defendants have already filed a Motion to Dismiss (Dkt. #28) regarding Plaintiff's failure to provide notices of claim to the existing Defendants; the amendment as to these Defendants would be futile. With regard to new Defendants, Plaintiff alleges that the John/Jane Doe defendants were grossly negligent; Plaintiff could not and has not served a Notice of Claim upon a fictitious defendant. Because Plaintiff has failed to timely serve his Notice of Claim upon fictitious Defendants, amending his Complaint to add state law claims including gross negligence claims will be futile. Therefore, the amendment should be denied.
>  Plaintiff's disagreement with the external referees' decisions and the decisions of "medical director admin" regarding his grievances does not state a claim for deliberate indifference. The external referees and administrative personnel are not empowered to provide medical care to the Plaintiff; the referees hold administrative positions only as do the administrative personnel Plaintiff references in his proposed Second Amended Complaint. Plaintiff fails to state a claim against the external referees and "medical director admin." and permitting the amendment to

- 6 -

add them as defendants would be futile.

Doc. 32 at 6-10.

All of the claims alleged in the second amended complaint are claims of violation of Plaintiff's federal constitutional rights, which are not subject to Arizona's "notice of claim" statute. Accordingly, the claims are not "futile" in that regard. Additionally, Plaintiff has alleged identifying information with regard to the John Doe defendants who denied him medical care on specific dates, thereby curing the deficiencies noted in the Court's screening order.

However, Plaintiff states several claims as both Eighth Amendment and Fourteenth Amendment claims; because Plaintiff was a pretrial detainee at the time of the events alleged in the second amended complaint the claims are properly brought pursuant to the Fourteenth Amendment. Because they are duplicative and allege a violation of Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment, which are properly brought by one in custody after conviction and not by a pretrial detainee,

**IT IS RECOMMENDED THAT** Counts 1, III, V, X, XI, XIII,. XV, and XVII be dismissed with prejudice.

Plaintiff does not alleges specific facts that indicate that Defendants Fry and Piirinen personally deprived Plaintiff of his federal constitutional rights. Accordingly,

**IT IS FURTHER RECOMMENDED THAT** Defendants Fry and Piirinen be dismissed without prejudice

The Magistrate Judge further finds that, construing Plaintiff's proposed second amended complaint broadly and taking the facts alleged as true, Plaintiff has sufficiently stated a claim for relief against Defendants "Medical Staff Mary," John Doe 2 CH718, John Doe 4 H3585, John Doe 5 Medical Director Administrator, John Doe 10, John Doe 11, John Doe 12, John Doe 13, John Doe 16, John Doe 17, (in addition to Defendants Perez and Quaid). Therefore,

**IT IS FURTHER RECOMMENDED that** Plaintiff be allowed to participate in discovery to determine the identities of Defendants "Medical Staff Mary," John Doe 2

CH718, John Doe 4 H3585, John Doe 5 Medical Director Administrator, John Doe 10, John Doe 11, John Doe 12, John Doe 13, John Doe 16, John Doe 17, and thereafter be allowed to attempt service on these Defendants.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 20th day of April, 2015.

_____
Mark E. Aspey
United States Magistrate Judge