**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrius Antwan Wilson, | No. CV-14-01613-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motions for Reconsideration. (Doc. 67); (Doc. 68); (Doc. 73).

**I.   Background**

On June 30, 2015, the Court entered its Order, (Doc. 64), accepting in part and denying in part the Magistrate Judge's Report and Recommendation, (Doc. 37), regarding Plaintiff's Motion to Amend, (Doc. 23). The Court allowed Plaintiff to amend and subsequently screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. 1915A(a). (Doc. 64 at 6–7). The Court dismissed Plaintiff's claims for damages against John Doe 2, John Doe 4, John Doe 5, B. Piirinen, and Scott Frye because these claims are barred by qualified immunity. (*Id.* at 18–20). However, the Court did not dismiss Plaintiff's claims for injunctive relief against these parties; therefore the parties themselves were not entirely dismissed from this action. (*Id.* at 22).

Additionally, the Court dismissed one of Plaintiff's Fourteenth Amendment deliberate indifference claims because Plaintiff did not allege sufficient facts necessary to

1 establish that John Doe 9 was aware of, but disregarded, Plaintiff's serious medical need
2 when he provided Plaintiff with two pairs of gloves every other day for changing his
3 colostomy. (*Id.* at 12). Plaintiff now comes before the Court by way of three Motions for
4 Reconsideration.

**II. First Motion**

In the First Motion, Plaintiff requests clarification as to why the Court dismissed John Doe 2, John Doe 4, and John Doe 5, but ordered discovery against the parties. (Doc. 67). The Court declines to reconsider its Order in this regard, but nonetheless provides an explanation. As explained above, *see infra* p. 1, the Court dismissed only the claims for damages, and not the claims for injunctive relief, against these parties. Therefore, these John Does remain parties to this action so far as Plaintiff's injunctive claims remain viable.

**III. Second Motion**

In the Second Motion, Plaintiff requests that the Court reconsider its conclusion that the Amended Complaint failed to state a claim against John Doe 9 in Count Four. (Doc. 68). For the following reasons, the Court will deny the Motion.

"The Court has discretion to reconsider and vacate a prior order." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (citing *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nitri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992)). "Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Id.* (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

To "best balance[] the competing interests of judicial accuracy and judicial economy" the Court will grant Plaintiff's Motion for Reconsideration only if Plaintiff shows that one of the following factors is satisfied:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences

>through reasonable diligence;
>(2) There are new material facts that happened *after* the Court's decision;
>(3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
>(4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola*, 215 F.R.D. at 586 (emphasis in original).

Plaintiff does not make any allegations regarding the first three factors. (Doc. 68). Therefore, the only remaining factor to consider is whether the movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before its decision.

Plaintiff alleges that because John Doe 9 went to school to work in a medical setting, he must have been aware that Plaintiff could contract a disease by handling feces without gloves and that two pairs of gloves every other day was not sufficient. (Doc. 68 at 2). However, this allegation is not found in the Complaint and the Court therefore cannot treat it as true. A motion for reconsideration is not the appropriate vehicle for making new allegations not found in the Complaint. Therefore, Plaintiff does not make a showing that the Court failed to consider material facts. Because Plaintiff's Motion for Reconsideration does not satisfy any of the factors necessary to grant a motion to reconsider, the Court must deny the Motion.

**IV.  Third Motion**

In his Third Motion, Plaintiff requests that the Court reconsider its order dismissing damages claims against Jane Doe 2, Jane Doe 4, and John Doe 5, which Defendants have identified as Pamela Brooks, LPN, Teresa DeMille, RN, and Jeffrey Alvarez, M.D., respectively. The Motion mostly consists of claims that Defendants have hindered Plaintiff's prosecution of his case by "not giving up the names." (Doc. 73 at 2). This argument fails. Even if Plaintiff is correct that Defendant has unreasonably refused to answer Plaintiff's requests for these parties' names, that is not relevant to the issues in the Court's screening order. The Court dismissed the damages claims against Jane Doe 2,

- 3 -

Jane Doe 4, and John Doe 5 because they are entitled to qualified immunity, not because their names were not known. Thus, Plaintiff has failed to make a showing that satisfies any of the factors required to prevail in a motion to reconsider.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. 67), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. 68), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. 73), is **DENIED**

Dated this 11th day of August, 2015.

*James A. Teilborg*
Senior United States District Judge