**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrius Antwan Wilson, | No. CV-14-01613-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Demetrius Wilson's Motion to Transfer to the Ninth Circuit Court of Appeals. (Doc. 109). The Court now rules on the motion.

**I.   Background**

Plaintiff is a pretrial detainee who was booked into the Fourth Avenue Jail in Phoenix, Arizona on May 13, 2014, under booking number T079391. (Doc. 115 at 2). On July 17, 2014, Plaintiff filed a claim under 42 U.S.C. § 1983 alleging Defendants violated his civil rights. (Doc. 1 at 1). Plaintiff amended his complaint on November 20, 2014. (Doc. 9). Plaintiff alleges that Defendants have violated his Eighth and Fourteenth Amendment rights by improperly treating his colostomy and by not providing adequate medical and sanitation supplies. (Doc. 23, Ex. 2 at 3-12A).

On October 1, 2015, Plaintiff filed an interlocutory notice of appeal, (Doc. 121), challenging three separate orders of this Court issued on June 30, 2015, (Doc. 64), August 11, 2015, (Doc. 93), and September 9, 2015, (Doc. 104). The Ninth Circuit Court of Appeals limited review to the September 9, 2015 order. (Doc. 130 at 1). Plaintiff

requests that his case be transferred to the Ninth Circuit. (Doc. 109 at 1).

**II.     Analysis**

Plaintiff appears to request that his case be transferred to the Ninth Circuit to be tried there. (*Id.*) For the sake of clarity, the Court will discuss this motion as both a request to transfer to the Ninth Circuit and as a request to take an interlocutory appeal.

**A.     Transfer**

Plaintiff asks to "[m]ove case to the Court of Appeals [f]or the bias in the above case and to take [j]urisdiction [f]or the deprivation of Plaintiff['s] Constitution[al] rights." (*Id.*) Plaintiff alleges that Defendants and the Court denied Plaintiff a jury trial and forced him into a deposition, which prejudiced both his pending criminal case and this civil claim. (*Id.* at 3). Plaintiff further contends that the "Courts are taking advantage of violating [sic] Plaintiff['s] Constitutional rights." (*Id.* at 4). Finally, Plaintiff asserts that under "Color of law[,] any official or employee that know or reasonable Should know that that a Constitutional right has be Violated and do not reacted on it will be held liable [sic throughout]." (*Id.*) It appears Plaintiff is arguing that the Court's rulings against Plaintiff are evidence of bias and that the only way "[j]ustice can be serve[d]" is through transfer to the Ninth Circuit. (*Id.*)

The Ninth Circuit Court of Appeals is a court of limited jurisdiction, and its jurisdiction is purely statutory. *Young Properties Corp. v. United Equity Corp.*, 534 F.2d 847, 849 (9th Cir. 1976). The Courts of Appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States, . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. Additionally, the Courts of Appeals have jurisdiction over interlocutory decisions under 28 U.S.C. § 1292 and over certain agency actions under 28 U.S.C. § 1296. The jurisdiction of the Courts of Appeals is purely and exclusively appellate. *Pollard v. Sup. Ct. for State of Mich.*, 334 F.2d 129, 130 (6th Cir. 1964).

There is simply no precedent or procedural mechanism for transferring an entire pending case from a district court to a Court of Appeals. The Ninth Circuit "possesses

- 2 -

only such jurisdiction as Congress chooses to confer." *Atchison, Topeka & Santa Fe Ry. Co. v. California State Bd. of Equalization*, 102 F.3d 425, 427 (9th Cir. 1996) (citations omitted). Congress has primarily limited this jurisdiction to appeals from final decisions of district courts. 28 U.S.C. § 1291. As the Court has yet to issue a final decision, the Court is unable to grant Plaintiff's motion.

### B. Interlocutory Appeal

Plaintiff alleges that several of the Court's orders were in error, including the Court's orders of June 30, 2015, (Doc. 64), and of August 11, 2015, (Doc. 93). (Doc. 109 at 1). Plaintiff contends that the Court failed to rule on his Motion to Supplement Plaintiff's Second Amended Complaint, (Doc. 62). (Doc. 109 at 1). Plaintiff further asserts the Court erred by finding that Plaintiff stated a valid claim for injunctive relief, but then later denying the injunction. (*Id.*)

The Ninth Circuit has jurisdiction over an interlocutory appeal

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [and the judge] so state[s] in writing in such order.

28 U.S.C. § 1292(b). Additionally, the Ninth Circuit has jurisdiction over appeals from orders "granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1).

To the extent Plaintiff's motion can be interpreted to request an interlocutory appeal, it is redundant. On October 1, 2015, Plaintiff filed an interlocutory notice of appeal addressing these same orders. (Doc. 121). The Ninth Circuit has previously denied Plaintiff's interlocutory request regarding the Court's orders of June 30, 2015, (Doc. 64), and of August 11, 2015, (Doc. 93). (Doc. 130 at 1). Thus, the Court denies Plaintiff's Motion.

### III. Conclusion

For the foregoing reasons,

1   **IT IS ORDERED** that Plaintiff's Motion to Transfer (Doc. 109) is **DENIED**.

2   Dated this 30th day of October, 2015.

James A. Teilborg
Senior United States District Judge