IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrius Antwan Wilson,<br><br>                    Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio, et al.,<br><br>                    Defendants. | No. CV 14-01613-PHX-JAT (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JAMES A. TEILBORG:**

Before the Court are Plaintiff's Motions for Leave to Amend (Docs. 143, 146, 147). This matter is before the undersigned on referral from the District Judge. The Court has a continuing obligation to screen complaints brought by prisoners seeking relief against an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The screening requirement extends to proposed amended complaints. Because a magistrate judge cannot decide a "matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement," Rule 72(b)(1), Federal Rules of Civil Procedure, the undersigned recommends as follows.

**I.      Background**

Plaintiff filed a prisoner civil rights complaint and a motion for leave to proceed *in forma pauperis* on July 17, 2014. Plaintiff filed a motion (Doc. 5) seeking leave to amend his complaint on October 2, 2014. In an order (Doc. 8) entered November 20, 2014, the Court granted the motion to proceed *in forma pauperis*, dismissed without

prejudice Counts One through Seven, Nine, and Eleven through Sixteen of the First Amended Complaint lodged at Doc. 5, and dismissed without prejudice Defendants Arpaio and Maricopa County Correctional Health Services. On March 2, 2015, Plaintiff filed a motion (Doc. 23) seeking leave to further amend his complaint (Plaintiff's "proposed Second Amended Complaint" or "SAC"). On April 20, 2015, the Magistrate Judge issued a Report and Recommendation (Doc. 37) with regard to Plaintiff's proposed Second Amended Complaint. On June 30, 2015, the District Judge accepted the Report and Recommendation as modified in the Order (Doc. 64). The Court granted Plaintiff's Motion to Leave to Amend (Doc. 23); dismissed with prejudice Counts One, Three, Five, Eight, Ten, Eleven, Thirteen, Fifteen, and Seventeen; dismissed with prejudice Defendant Maricopa County Correctional Health Services; dismissed with prejudice the claims for damages against Defendants "John Doe 2," "John Doe 4," "John Doe 5," B. Piirinen and Scott Frye; dismissed Count Four without prejudice; and ordered that Plaintiff be allowed to participate in discovery to determine the identities of Defendants "[M]edical [N]urse [M]ary," "Officer A8845," John Doe 1, John Doe 2, John Doe 4, John Doe 5, John Doe 7, John Doe 8, John Doe 9, John Doe 10, John Doe 12, John Doe 13, John Doe 15, John Doe 16, John Doe 17, and thereafter be allowed to attempt service on these Defendants. (Doc. 64 at 21–22).

On July 21, 2015, the Court entered an Order (Doc. 76) granting Plaintiff until August 21, 2015, to file an amended complaint to substitute the names of any defendants that he has identified through discovery, including the following: substituting Medical Staff Pamela Brooks, LPN, for John/Jane Doe 2 of CH 718; substituting Officer Graciela Perez A9647 for Officer Perez A9647; substituting Lois Quaid for Medical RN Lois or Graveyard Shift R.[N]. Lois; substituting Teressa DeMille, RN, for John/Jane Doe 4 OF H5585; substituting Jeffrey Alvarez, MD, for John/Jane Doe 5 Medical Director Administrator; substituting Rita Showalter A8845 for Officer A8845. The Court also noted that Defendants had identified John Doe 16 as Deborah Jean Davis (NR851) and John Doe 17 as Tatjana Stojikovic, CS993. The Court also denied Plaintiff's motions to the extent Plaintiff sought to add causes of action pursuant to the motions without

complying with LRCiv 15.1.

Instead of filing a proper motion for leave to amend with an attached copy of the proposed amended pleading pursuant to the Court's Order at Doc. 76, Plaintiff filed a notice that he was "Amending Count Four" (Doc. 77), and a Motion Under Rule 15(c)(3) for the Following Names be Charged to Each Count (Doc. 83).  The Court entered an Order (Doc. 111) on September 28, 2015, finding that the Court need not address the merits of Plaintiff's amended Count Four at Doc. 77 because Plaintiff failed to file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2); and denying Plaintiff's motion at Doc. 83 for failure to comply with LRCiv 15.1.

Plaintiff then filed a Motion for the Court to Accept the Supplement Filed June 22, 2015 (Doc. 94); Plaintiff's Motion Amending his Second Amended Complaint with Supplement and New Information Under Rule 15-D with Count 23–24 (Doc. 97); Plaintiff's Motion Under Rule 15(c)(3) to Change John Doe 9 C.H.S. Provider to Provider Matt for Count 4 (Doc. 103); Plaintiff's Motion to determine whether the Court accepted the names or whether Plaintiff needs to rewrite the complaint (Doc. 120); and Plaintiff's Motion Under Rule 15(c)(3) to Correct John Doe 9 C.H.S. Provider Matt to His Real Name Matthew Barker for Count Four and Fourteen (Doc. 129).  The Court's November 19, 2015 Order (Doc. 138) denied these motions, finding that they were:

> further attempts to amend Plaintiff's complaint without complying with Fed. R. Civ. P. 15(a)(2) and LRCiv 15.1.  Therefore, the motions must be denied.  However, the Court will give Plaintiff a final opportunity to amend his Second Amended Complaint at Doc. 23, to substitute the names of the defendants as set forth above, including any new defendants Plaintiff has identified, and to include all of Plaintiff's claims.

(Doc. 138 at 3.)  The Order at Doc. 138 further provides that "Plaintiff must submit a proper motion for leave to amend and attach a copy of the proposed amended pleading pursuant to LRCiv 15.1(a) by **December 7, 2015**.  The Court will then screen the amended complaint and issue an order setting forth the claims for which an answer will be required."  (*Id*. at 4.)

Plaintiff's Motion to Amend at Doc. 143 was filed on December 4, 2015.  On

- 3 -

December 30, 2015, Plaintiff filed another Motion to Amend (Doc. 146) which includes the previous proposed amended complaint at Doc. 143, with the addition of a Count Fifteen. On January 29, 2016, Plaintiff filed another "Motion for Leave to Amend," (Doc. 147) which does not include an amended complaint, but rather attaches four grievance forms.

## II.     Statutory Screening of Prisoner Complaints:

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The United States Court of Appeals for the Ninth Circuit has instructed that courts "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A

"complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In such circumstances, even a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

### III.    Third Amended Complaint

Plaintiff's Motion to Amend (Doc. 143) includes a proposed amended complaint that Plaintiff designates as his second amended complaint. Because Plaintiff has previously filed a second amended complaint, the Court will refer to the instant proposed complaint at Doc. 143 as Plaintiff's Third Amended Complaint ("TAC").

Plaintiff's TAC includes fourteen counts. Counts One through Eleven are the same counts in Plaintiff's Second Amended Complaint ("SAC") that the Court previously screened in its Order at Doc. 64, with the inclusion of the identity of some of the previously unnamed defendants. Therefore, the Court does not need to rescreen those counts and recommends as follows:

####    A.    Counts One through Eleven

Count One of Plaintiff's TAC (designated as Count Two in Plaintiff's SAC) states a valid claim against Provider Balaji (previously named John Doe 1 Provider). (*See* Doc. 64 at 12.)

Count Two of Plaintiff's TAC (designated as Count Four in Plaintiff's SAC) alleges that he only received two pairs of gloves from Defendant P.A. Matthew Barker (previously named John Doe 9 CHS Provider). The Court previously dismissed this count without prejudice, finding that "[e]ven assuming that two pairs of gloves were insufficient to maintain sanitary conditions under the Fourteenth Amendment, Plaintiff has not alleged that Defendant 'John Doe 9 CHS Provider' was subjectively aware of such insufficiency." (*Id.*) In his proposed TAC, Plaintiff has added that P.A. Barker

- 5 -

1  should know through his medical training that two pairs of gloves every other day is
2  insufficient for his ongoing colostomy.  Plaintiff still fails to cure this deficiency by
3  failing to allege that Defendant Barker was subjectively aware that two pairs of gloves
4  were insufficient to maintain sanitary conditions under the Fourteenth Amendment.
5  Therefore, the Court recommends that Count Two be dismissed without prejudice.

6  Count Three of Plaintiff's TAC (designated as the first incident in Count Six in
7  Plaintiff's SAC) states a valid claim against Officer Rita Showalter A8845 (previously
8  named Officer A8845) and Medical Nurse Mary.  (*See id*. at 12–13.)

9  Count Four of Plaintiff's TAC (designated as the second incident in Count Six of
10 Plaintiff's SAC) states a valid claim against Jane Doe 7 Medical Staff (previously named
11 John Doe 7 Medical Staff).  (*See id*. at 13.)

12 Count Five of Plaintiff's TAC (designated as Count Seven in Plaintiff's SAC)
13 states a valid claim against 1st Shift Medical Samantha Perez (previously named 1st Shift
14 Medical Staff Samantha) and John Doe 8 Staff.  (*See id*. at 14.)

15 Count Six of Plaintiff's TAC (designated as Count Nine in Plaintiff's SAC) states
16 a valid claim against Graveyard Shift R.N. Lois Quaid (previously named Graveyard
17 Shift R.N. Lois) and John Doe Officer 9.  (*See id*.)

18 Count Seven of Plaintiff's TAC (designated as Count Twelve in Plaintiff's SAC)
19 states a valid claim against Jane Doe 10 Medical Staff (previously named John Doe 10
20 Medical Staff), John Doe 11 Officer, and John Doe 12 Medical Staff.  (*See id*. at 15.)

21 Count Eight of Plaintiff's TAC (designated as Count Fourteen in Plaintiff's SAC)
22 states a valid claim against John/Jane Doe 13 Medical Staff (previously named John Doe
23 13 Medical Staff) and P.A. Matthew Barker (previously named John Doe 1 Provider).
24 (*See id*.)

25 Count Nine of Plaintiff's TAC (previously Count Sixteen of Plaintiff's SAC)
26 states a valid claim against Jane Doe 15 Medical (previously named John Doe 15
27 Medical) and Medical Deborah Jean Davis (previously named John Doe 16 Medical).
28 (*See id*. at 16.)

Count Ten of Plaintiff's TAC (previously the first incident in Count Eighteen of Plaintiff's SAC) states a valid claim against Medical Tatjana Stojikovic CS993 (previously named John Doe 17 Medical). (*See id*.)

Count Eleven of Plaintiff's TAC (previously the second incident in Count Eighteen of Plaintiff's SAC) states a valid claim against Officer Graciela Perez A9647 (previously named Officer Perez A9697). (*See id*. at 17.)

### B. Count Twelve

In Count Twelve, Plaintiff alleges that on April 16, 2015, Officer Watzek A8993 interfered with Plaintiff's prescribed treatment by taking away Plaintiff's colostomy supplies when Plaintiff returned from court. Plaintiff alleges that Erika Medical P.A. gave incorrect medical information about Plaintiff to Officer Watzek A8993, who is not medical staff, without Plaintiff's consent. Plaintiff alleges that he believes incorrect information was given as retaliation for Plaintiff filing this lawsuit against medical staff. Plaintiff also claims that P.A. Erika and Officer Watzek A8993 were deliberately indifferent to his medical needs and violated his right to privacy.

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claim requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

To the extent Plaintiff claims false information was given as a retaliatory act,

Plaintiff has failed to allege that Defendants acted in retaliation for his exercise of a constitutionally protected right or that their actions did not advance a legitimate penological interest.

Plaintiff also claims an invasion of privacy because Erika Medical P.A. gave Plaintiff's medical information to Officer Watzek A8993, who is not medical staff, without Plaintiff's consent. The Ninth Circuit Court of Appeals has held that "prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010). The Ninth Circuit noted that "[p]risons need access to prisoners' medical records to protect prison staff and other prisoners from communicable diseases and violence, and to manage rehabilitative efforts." *Id*. at 535. Plaintiff has failed to allege that Defendants' actions did not advance a legitimate penological interest. To the extent that Plaintiff's supplies were taken from his cell, "prisoners have no constitutional right to privacy in their cells." *Smith v. Nevens*, 486 F. App'x 667, 667 (9th Cir. 2012) (citing *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)).

To the extent Plaintiff is claiming an Eighth Amendment violation, Plaintiff has failed to allege that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff does not allege that he was denied proper medical care or that he was injured when his supplies were taken. The Court recommends that Count Twelve be dismissed for failure to state a claim.

**C.    Count Thirteen**

Plaintiff alleges in Count Thirteen that he was denied his weekly silver nitrate treatments to cauterize his stoma. Plaintiff alleges that when he doesn't receive this treatment he suffers pain due to bumps forming on his stoma. Plaintiff alleges that Provider Balaji knew that more bumps would occur without the treatment, but he was denied treatment. Liberally construed, Plaintiff has stated a valid claim of inadequate medical care and the Court recommends that Provider Balaji be required to answer Count Thirteen of Plaintiff's TAC.

### D. Count Fourteen

In Count Fourteen Plaintiff alleges that on June 25, 2015, he was denied two pairs of gloves for his colostomy care. Plaintiff alleges that he showed Medical Staff Myra paperwork from the CHS Director and the external referee stating that he should get two pairs of gloves, and Medical Staff Myra refused to provide two pairs, stating that Provider Balaji said that Plaintiff should only get one pair of gloves per colostomy supplies. Liberally construed, Plaintiff alleges that Medical Staff Myra was aware of, and disregarded, Plaintiff's serious medical needs. Plaintiff has stated a valid claim for deliberate indifference against Medical Staff Myra, and the Court recommends that Defendant Medical Staff Myra be required to answer Count Fourteen of Plaintiff's TAC.

### E. Grievance Officers

Plaintiff continues throughout his TAC to make several allegations that Defendants Medical Director Jeffrey Alvarez (previously named John Doe 5 Medical Director Admin.), Medical Pamela Brooks 718 (previously named John Doe 2 CH 718), Medical Supervisor Teressa DeMille (previously named John Doe 4 HS585), and the external referees B. Piirinen and Scott Frye violated Plaintiff's rights by negatively ruling on his grievances. The Court previously held that Plaintiff stated a valid claim against these Defendants involved in the grievance process, but that these Defendants are protected by qualified immunity because it is not "clearly established" whether the officers' conduct was "unlawful in the situation he [or she] confronted." *See* Doc. 64 at 18–20 (citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Wilson v. Layne*, 526 U.S. 603, 618 (1999)). The Court dismissed with prejudice Plaintiff's claims for damages against these grievance officers, but allowed Plaintiff's claims for injunctive relief against these Defendants to remain. Likewise, the Court recommends that Plaintiff's claims for damages against these Defendants be dismissed with prejudice, and recommends that these Defendants be ordered to answer Plaintiff's claims for injunctive relief.

## IV. Plaintiff's Motion to Amend at Doc. 146

Plaintiff's motion to amend at Doc. 146 includes his previous proposed amended complaint at Doc. 143, with the addition of one additional count—Count Fifteen.

- 9 -

### A. Count Fifteen

Plaintiff alleges in Count Fifteen that LT A7994 and Provider Phillip mistreated him by taking him out of general population and putting him in a double door close custody cell, claiming it was being used to prep Plaintiff for surgery. Plaintiff claims that they put Plaintiff in the close custody cell instead of a medical facility. Plaintiff alleges that he was "bounced back-and-forth" between holding tanks and got no sleep.

Because Plaintiff was a pretrial detainee when the complaint-of violation occurred, his Fourteenth Amendment Due Process claims are evaluated under the standards of the Eighth Amendment. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary

due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff does not state how he has been injured from the alleged failure to provide him with proper medical care. Plaintiff has not alleged facts demonstrating that LT A7994 and Provider Phillip were deliberately indifferent to Plaintiff's serious medical needs. Because the Court finds that Count Fifteen—the only additional count in Plaintiff's Motion to Amend at Doc. 146—does not state a valid claim for relief, the Court recommends that Plaintiff's Motion to Amend at Doc. 146 be denied.

**V.     Plaintiff's Motion to Amend at Doc. 147**

The Court recommends that Plaintiff's Motion to Amend at Doc. 147 be denied. Plaintiff's seeks to add four grievance forms to his previously filed complaint, citing LRCiv 15.1. The pleading does not comply with LRCiv. 15.1. The Court's Order at Doc. 138 stated that the Court was giving Plaintiff a "final opportunity to amend his Second Amended Complaint at Doc. 23, to substitute the names of the defendants as set forth above, including any new defendants Plaintiff has identified, and to include all of Plaintiff's claims" by December 7, 2015. Plaintiff filed a motion to amend by the December 7, 2015 deadline (Doc. 143), but has filed two additional motions to amend after the deadline. In light of the factual background set forth in Section I. above, the Court recommends that Plaintiff be admonished that, absent extraordinary circumstances, any further attempts to amend by Plaintiff will be viewed unfavorably.

## VI. Claims for Which an Answer Will be Required

The Court recommends that Defendant Provider Balaji be required to answer Count One of Plaintiff's TAC; that Defendants Officer Rita Showalter A8845 and Medical Nurse Mary be required to answer Count Three of Plaintiff's TAC; that Defendant Jane Doe 7 Medical Staff be required to answer Count Four of Plaintiff's TAC; that Defendants 1st Shift Medical Samantha Perez and John Doe 8 Staff be required to answer Count Five of Plaintiff's TAC;  that Defendants Graveyard Shift R.N. Lois Quaid and John Doe Officer 9 be required to answer Count Six of Plaintiff's TAC; that Defendants Jane Doe 10 Medical Staff, John Doe 11 Officer, and John Doe 12 Medical Staff be required to answer Count Seven of Plaintiff's TAC; that Defendants John/Jane Doe 13 Medical Staff and P.A. Matthew Barker be required to answer Count Eight of Plaintiff's TAC; that Defendants Jane Doe 15 Medical and Medical Deborah Jean Davis be required to answer Count Nine of Plaintiff's TAC; that Defendant Medical Tatjana Stojikovic CS993 be required to answer Count Ten of Plaintiff's TAC; that Defendant Officer Graciela Perez A9647 be required to answer Count Eleven of Plaintiff's TAC; that Defendant Provider Balaji be required to answer Count Thirteen of Plaintiff's TAC; that Defendant Medical Staff Myra be required to answer Count Fourteen of Plaintiff's TAC; and that  Defendants Grievance Officers (Defendants Medical Director Jeffrey Alvarez, Medical Pamela Brooks 718, Medical Supervisor Teressa DeMille, and the external referees B. Piirinen and Scott Frye) be ordered to answer Plaintiff's claims for injunctive relief.  The Court recommends that the remaining claims and Defendants be dismissed.

**IT IS THEREFORE RECOMMENDED that** Plaintiff's Motion to Amend (Doc. 143) be **granted** as set forth herein.

**IT IS FURTHER RECOMMENDED that** Plaintiff's Motions to Amend (Docs. 146, 147) be **denied**.

**IT IS FURTHER RECOMMENDED that** the Court order the Defendants named in Section VI. herein to answer, or otherwise respond to the claims set forth in that

section by appropriate motion, within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

**IT IS FURTHER RECOMMENDED that** Plaintiff be admonished that, absent extraordinary circumstances, any further attempts to amend Plaintiff's complaint will be viewed unfavorably.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

Dated this 5th day of February, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge