WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrius Antwan Wilson, | No. CV-14-01613-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph M Arpaio, et al., | |
| Defendants. | |

Pending before the Court are the February 5, 2016, Report and Recommendation ("R&R") issued by Magistrate Judge Deborah M. Fine,[1] (Doc. 150), three Motion(s) for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule of Civil Procedure 15.1(a),[2] (Docs. 175, 180, 183), and one miscellaneous motion seeking relief. (Doc. 182). The Court now addresses the R&R, and rules on the pending motions.

## I.    Background

---

[1] Plaintiff filed an objection to the R&R on February 22, 2016. (Doc. 156).

[2] Plaintiff's May 6, 2016, motion seeks to amend "Count 4, Count-10, Count-15, and [add] new names" as well as to "[a]dd new counts- Count-16, 17, 18." (Doc. 175). Plaintiff's June 3, 2016, motion is comprised of documents to supplement Claim Eighteen, contained in the proposed amended Complaint lodged on May 6. (Doc. 180). The June 14, 2016, motion seeks to supplement Count Two in the proposed TAC and is comprised of documentary evidence. (Doc. 183).

Plaintiff Demetrius A. Wilson filed a prisoner civil rights Complaint and motion for leave to proceed *in forma pauperis* on July 14, 2014. (Docs. 1, 2). Plaintiff subsequently moved for leave to file an amended Complaint on November 20, 2014. (Doc. 5). The Magistrate Judge granted Plaintiff leave, (Doc. 8), and on March 2, 2015, Plaintiff moved for leave to amend a second time. (Doc. 23). The Magistrate Judge issued an R&R recommending that Plaintiff be granted leave.

On June 30, 2015, this Court accepted the R&R's recommendation and granted Plaintiff leave to file a Second Amended Complaint ("SAC"). (Doc. 64). The Court's June 30 Order also adjudicated the following issues: it dismissed with prejudice Counts One, Three, Five, Eight, Ten, Eleven, Thirteen, Fifteen, and Seventeen from the SAC; it dismissed with prejudice Defendant Maricopa County Correctional Health Services; it dismissed with prejudice the claims for damages against Defendants "John Doe 2," "John Doe 4," "John Doe 5," B. Piirinen and Scott Frye; it dismissed Count Four without prejudice; and it ordered that Plaintiff be allowed to participate in discovery to determine the identities of Defendants "[M]edical [N]urse [M]ary," "Officer A8845," John Doe 1, John Doe 2, John Doe 4, John Doe 5, John Doe 7, John Doe 8, John Doe 9, John Doe 10, John Doe 12, John Doe 13, John Doe 15, John Doe 16, John Doe 17. (*Id.* at 21-22).

Subsequent to this Order, on July 21, 2015, the Magistrate Judge addressed four separate motions for leave to amend to identify certain unknown Defendants, and granted Plaintiff's motions only to the extent that he could file an amended Complaint that substituted certain names for "John/Jane Doe[s]." (Doc. 76 at 4-5). The Magistrate Judge denied Plaintiff's motions "to the extent Plaintiff seeks to add causes of action pursuant to the motions without complying with LRCiv 15.1," and gave Plaintiff until August 21, 2015, to file an amended Complaint. (*Id.* at 3, 5). Plaintiff failed to comply with the July 21 Order, and on November 24, 2015, the Magistrate Judge gave "Plaintiff a final opportunity to amend his . . . Complaint . . . to substitute the names of the defendants as set forth above, including any new defendants Plaintiff has identified, and to include all of Plaintiff's claims" by December 7, 2015. (Doc. 142 at 3).

On December 4, 2015, Plaintiff complied, and filed the proposed Third Amended Complaint ("TAC"). (Doc. 143). Subsequent to filing the proposed TAC, and after the December 7, 2015, deadline imposed by the Magistrate Judge, Plaintiff filed two additional motions for leave to file an amended Complaint. (Docs. 146, 147). On February 5, 2016, the Magistrate Judge issued the pending R&R addressing the three aforementioned motions, (Doc. 150), to which Plaintiff objected, arguing generally that as a pro se Plaintiff alleging claims pursuant to Title 42 U.S.C. § 1983 (2012), he is entitled to amend his Complaint. (Doc. 156).

On May 6, 2016, Plaintiff filed an additional motion for leave to amend. Plaintiff sought to amend the TAC—the subject of the Magistrate Judge's R&R—by adding Counts Fifteen, Sixteen, Seventeen, and Eighteen, as well as adding up to ten additional defendants to the Complaint. (Doc. 176 at 1-3, 21-31). On June 3, 2016, Plaintiff filed another motion for leave to amend, which was comprised of documentary evidence to corroborate Count Eighteen, contained in the May 6 filing. (Doc. 180). And on June 14, Plaintiff filed his most recent motion for leave to amend, seeking to supplement Count Two of the proposed TAC. (Doc. 183).

Having set forth the pertinent factual and procedural background, the Court turns to the Magistrate Judge's R&R and Plaintiff's pending motions.

## II.     Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*); *accord Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d

1027, 1032 (9th Cir. 2009) (the district court "must review *de novo* the portions of the [magistrate judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.").

### III.   Motion for Leave to File a Third Amended Complaint

Plaintiff has already amended his Complaint once as a matter of course, (Doc. 9), and was given leave by the Court to file a SAC pursuant to Fed. R. Civ. P. 15(a). (Doc. 64). Plaintiff now seeks leave from the Court to file the proposed TAC.

The Court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). "Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Id.* (citations omitted); *accord Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is generally allowed with "extraordinary liberality"). "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs*, *LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "[T]he 'rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant. Presumably unskilled in the law, the *pro se* litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.'" *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). This leniency is amplified in civil rights cases. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

The R&R recommends that Plaintiff be granted leave to file the proposed TAC.

(Doc. 150 at 12). Defendants did not object to this recommendation. Thus, the Court need not review *de novo* this portion of the R&R. *Reyna-Tapie*, 328 F.3d at 1121; *Schmidt*, 263 F. Supp. 2d at 1226. Plaintiff is granted leave to file an amended Complaint.

## IV.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or an officer or an employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). Section 1915A incorporates the 12(b)(6) standards to determine whether a claimant has failed to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

Plaintiff's motion for leave to amend, (Doc. 143), includes a proposed TAC that is comprised of fourteen claims against Defendants. Counts One through Eleven are identical to those included in Plaintiff's SAC, previously screened by the Magistrate Judge and this Court. (Doc. 64). Plaintiff's TAC adds new claims in Count Twelve, Thirteen, and Fourteen, and also incorporates the identity of some previously unknown Defendants.

### A.   Plaintiff's Objection to the Magistrate Judge's R&R (Doc. 156)

As set forth *supra*, the Court need only conduct a *de novo* review of those portions of the R&R to which Plaintiff objects. *Reyna-Tapie*, 328 F.3d at 1121; *Schmidt*, 263 F. Supp. 2d at 1226.  Having reviewed Plaintiff's objection liberally, as the Court must, *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984), the Court finds that Plaintiff objects to one aspect of the R&R's screening of claims contained in Plaintiff's proposed TAC. Plaintiff objects to the Magistrate Judge's recommendation that Count Two be dismissed without prejudice on the grounds that the TAC failed to cure the deficiency

present in the SAC. (Doc. 150 at 5-6). Plaintiff's objection specifically contests the recommendation for this particular Count, and argues why the Magistrate Judge is incorrect.[3] (Doc. 156 at 1). Nothing else in Plaintiff's objection can reasonably be construed as an objection to the recommendation that Count Twelve be dismissed without prejudice, or that Plaintiff's claims for damages against certain grievance officers be dismissed with prejudice.[4] Accordingly, the only aspect of the Magistrate Judge's screening of the TAC that is subject to *de novo* review is the recommendation that Count Two be dismissed without prejudice.

**B.      Counts One, Counts Three Through Eleven of the Proposed TAC**

Neither party objected to the Magistrate Judge's recommendation with respect to these ten counts. Accordingly, the Court hereby adopts the Magistrate Judge's recommendation, set forth here:

> Count One of Plaintiff's TAC (designated as Count Two in Plaintiff's SAC) states a valid claim against Provider Balaji (previously named John Doe 1 Provider). (*See* Doc. 64 at 12)
>
> . . .
>
> Count Three of Plaintiff's TAC (designated as the first incident in Count Six in Plaintiff's SAC) states a valid claim against Officer Rita Showalter A8845 (previously named Officer A8845) and Medical Nurse Mary. (*See id*. at 12–13.)

---

[3] Plaintiff directly raises an "objection to Count-2 recommendation." (Doc. 156 at 1). Plaintiff further goes on to assert factual allegations to support his claim that Defendant Barker providing two pairs of gloves three times a week was insufficient and constitutes a violation of his constitutional rights.

[4] Counts One, Three through Eleven, Thirteen, and Fourteen were all found to have stated a valid claim for relief under screening by the Magistrate Judge pursuant to 28 U.S.C. § 1915A(a). No Defendants raised an objection to any portion of the R&R. The Court therefore need not review the R&R's recommendations with respect to the these aforementioned counts. Plaintiff did object to the R&R's recommendation that his December 30, 2015, and January 29, 2016, motions for leave to amend should be denied. The Court fully addresses this objection *infra*.

Count Four of Plaintiff's TAC (designated as the second incident in Count Six of Plaintiff's SAC) states a valid claim against Jane Doe 7 Medical Staff (previously named John Doe 7 Medical Staff). (*See id*. at 13.)

Count Five of Plaintiff's TAC (designated as Count Seven in Plaintiff's SAC) states a valid claim against 1st Shift Medical Samantha Perez (previously named 1st Shift Medical Staff Samantha) and John Doe 8 Staff. (*See id*. at 14.)

Count Six of Plaintiff's TAC (designated as Count Nine in Plaintiff's SAC) states a valid claim against Graveyard Shift R.N. Lois Quaid (previously named Graveyard Shift R.N. Lois) and John Doe Officer 9. (*See id*.)

Count Seven of Plaintiff's TAC (designated as Count Twelve in Plaintiff's SAC) states a valid claim against Jane Doe 10 Medical Staff (previously named John Doe 10 Medical Staff), John Doe 11 Officer, and John Doe 12 Medical Staff. (*See id*. at 15.)

Count Eight of Plaintiff's TAC (designated as Count Fourteen in Plaintiff's SAC) states a valid claim against John/Jane Doe 13 Medical Staff (previously named John Doe 13 Medical Staff) and P.A. Matthew Barker (previously named John Doe 1 Provider).
(*See id*.)

Count Nine of Plaintiff's TAC (previously Count Sixteen of Plaintiff's SAC) states a valid claim against Jane Doe 15 Medical (previously named John Doe 15 Medical) and Medical Deborah Jean Davis (previously named John Doe 16 Medical). (*See id*. at 16.)

Count Ten of Plaintiff's TAC (previously the first incident in Count Eighteen of Plaintiff's SAC) states a valid claim against Medical Tatjana Stojikovic CS993 (previously named John Doe 17 Medical). (See *id*.)

Count Eleven of Plaintiff's TAC (previously the second incident in Count Eighteen of Plaintiff's SAC) states a valid claim against Officer Graciela Perez A9647 (previously named Officer Perez A9697). (See *id*. at 17.)

(Doc. 150 at 5-7).

## C.    Count Two of the Proposed TAC

Count Two of Plaintiff's TAC alleges that Defendants violated his Fourteenth Amendment rights by being deliberately indifferent to Plaintiff's medical needs. This claim was initially brought in the SAC, and alleged as Count Four. Plaintiff's claim was premised on the allegation that throughout the month of June 2014 he was "force[d] to handle [his] own feces with [his] bare hands, without gloves or antibacterial soap, even when [he was] dumping feces in the toilet or cleaning feces off [of the] colostomy bag and wafer." (Doc. 23, Ex. 2 at 5A). Plaintiff further alleged that after submitting grievance reports regarding this issue, he only received two pairs of gloves from "John Doe 9 CHS Provider" on Monday, Wednesday, and Friday of each week for changing his colostomy bag, but not for "dumping feces or . . . cleaning feces off [of the] colostomy bag and wafer." (*Id.*). On June 30, 2015, the Court dismissed this count without prejudice, finding that Plaintiff had failed to state a plausible claim of deliberate indifference because Plaintiff did not allege that Defendant "John Doe 9 CHS Provider was subjectively aware of such insufficiency." (Doc. 64 at 12 (internal quotation marks omitted)).

Count Two of the TAC asserts the same substantive factual allegations, but further alleges that with an ongoing colostomy, Plaintiff had a "continuous serious medical need," that Defendant P.A. Matthew Barker[5] "would not give [him] [any] more than [two] pair[s] of latex gloves," that the issue still remained as of November 24, 2015, and that Defendant Barker refused to furnish Plaintiff with antibacterial soap. (Doc. 143 at 8). The R&R recommends that even with the additional factual allegations, Count Two should be dismissed because Plaintiff has still failed "to allege that Defendant Baker was subjectively aware that two pairs of gloves were insufficient to maintain sanitary

---

[5] Defendant Barker was referred to as John Doe 9 CHS Provider in the Second Amended Complaint. (Doc. 150 at 5). Plaintiff was able to ascertain his identity via discovery.

conditions under the Fourteenth Amendment," and thus failed to state a valid claim of deliberate indifference. (Doc. 150 at 5-6). Plaintiff objected to this recommendation, and so the Court must screen Count Two *de novo*.

To survive screening under 28 U.S.C. § 1915A(a), Plaintiff's Complaint must contain sufficient factual matter, which, accepted as true, states a claim to relief that is "plausible on its face."[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff was a pretrial detainee when the alleged violation occurred, his Fourteenth Amendment Due Process claims are evaluated under the standards of the Eighth Amendment. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Under the Eighth Amendment, courts apply the "deliberate indifference standard" to "claims that correction facility officials failed to address the medical needs of pretrial detainees," *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010), as Plaintiff alleges in Count Two.

"Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference is a high legal standard," higher than negligence, *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2004) (citation omitted), and even gross negligence. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). The Ninth Circuit has articulated a two-part test to establish deliberate indifference, requiring that a plaintiff show "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991)), and that "the defendant's response to the need was deliberately indifferent." *Id.* (citation omitted). The second prong is satisfied through showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation omitted). A

---

[6] For a full discussion of the applicable legal standard for determining whether a plaintiff has alleged a valid claim for relief, see this Court's June 30, 2015, Order accepting as modified the Magistrate Judge's prior R&R. (Doc. 64 at 7-8).

deliberately indifferent response may occur where "prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett*, 439 F.3d at 1096; *Hallett*, 296 F.3d at 744 (citation omitted).

The R&R recommends dismissing Count Two due to Plaintiff's failure to allege that Defendant Barker was subjectively aware that two pairs of gloves were insufficient to maintain sanitary conditions under the Fourteenth Amendment. (Doc. 150 at 5-6). Plaintiff's objection plainly asserts that Defendant "*Barker was subjectively aware* of Plaintiff not having [a sufficient number of] gloves." (Doc. 156 at 1 (emphasis in original)). The Court may not consider this assertion, as it amounts to an improper attempt to amend the Complaint by brief. *Frenzel v. Aliphcom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014). The Court must rely on the TAC's pleaded facts, which allege that Defendant Barker "kn[e]w through his medical training that [two] pair[s] of latex gloves every other day w[ould] not suffice." (Doc. 143 at 8).

"The subjective standard of deliberate indifference requires 'more than ordinary lack of due care for the prisoner's interest or safety.'" *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014). The requisite state of mind for a deliberate indifference claim is thus one of "subjective recklessness," *id.* (citation omitted), although the standard may be "less stringent in cases involving a prisoner's medical needs." *Id.* (quoting *McGuckin*, 974 F.2d at 1060). Plaintiff must still show, however, that the official(s) "knew of and disregarded the substantial risk of harm and failed to act despite this knowledge." *Lemire v. Cal Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). Stated another way, Defendant Barker "must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (citation omitted).

Having reviewed Count Two, the Court finds that the TAC alleges insufficient

facts to state a plausible claim that Defendant Barker was "subjectively reckless" when he gave Plaintiff two pairs of gloves on Monday, Wednesday, and Friday of each week. Plaintiff's unsupported assertion that Defendant Barker's training made him aware that the numbers of gloves furnished to Plaintiff were insufficient, itself, is not enough. Absent some form of corroborating evidence or further alleged facts, Plaintiff's contention that six pairs of gloves provided weekly to him amounts to at least a difference of opinion between a physician and a prisoner, possibly negligence, or at most gross negligence, all of which fall short of "subjective recklessness." *See Hamby v. Hammond*, 2016 U.S. App. LEXIS 7894, at *15 (9th Cir. May 2, 2016) (noting that a difference of medical opinion between a prisoner and a providing physician is not deliberate indifference); *see also Righetti v. Cal. Dep't of Cor. & Rehab*, 2014 U.S. Dist. LEXIS 60904, at *33 (N.D. Cal. 2014) (citing *Snow*, 681 F.3d 978, 987-88) (noting that negligence and gross negligence are insufficient to establish deliberate indifference). Moreover, Plaintiff must allege that Defendant Barker was aware of the inference that could be drawn that a substantial risk of serious harm exists, and that he also drew the inference. *Clement*, 298 F.3d at 904. Plaintiff alleged that he filed a grievance asserting that the number of gloves he was provided was insufficient, but pleads no facts suggesting that this grievance was resolved in his favor, or that Defendant Barker was informed by Defendants that the number of gloves he was providing to Plaintiff was insufficient. Absent these facts, Plaintiff's claim amounts to the stand-alone allegation that Defendant Barker's training is sufficient to state a plausible claim of subjective recklessness, without any supporting factual allegations to establish Defendant Barker's instructions, level of knowledge, or prior training. In essence, Plaintiff has failed to plausibly allege that Defendant Barker drew the inference that a substantial risk of serious harm exists.

Ultimately, Plaintiff "'must show that the course of treatment the [physician] chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to the plaintiff's health.'"

*Hamby*, 2016 U.S. App. LEXIS 7894, at *15 (quoting *Snow*, 681 F.3d at 988). Plaintiff has failed to plausibly assert that this level of mistreatment occurred. It follows that Count Two of the TAC must be dismissed, without prejudice.

## D.     Count Twelve of the Proposed TAC

The R&R recommends that Count Twelve be dismissed for failure to state a valid claim for relief under the theories of violation of the right to privacy and deliberate indifference to medical needs. (Doc. 150 at 7-8). Plaintiff has not objected to this recommendation.[7]   Accordingly,   the   Court   accepts   the   Magistrate   Judge's recommendation that Count Twelve be dismissed without prejudice for failure to state a valid claim for relief.

## E.     Count Thirteen of the Proposed TAC

Count Thirteen alleges that Plaintiff "was denied his weekly silver nitrate treatments to cauterize his stoma," and that due to the lack of treatment Plaintiff "suffer[ed] pain due to bumps forming." (Doc. 150 at 8). Plaintiff further alleges that Defendant Provider Balaji "knew that more bumps would occur without the treatment, but that [Plaintiff] was denied treatment." (*Id.*). The R&R recommends that Defendant Provider Balaji be required to answer Count Thirteen of the TAC, as "[l]iberally construed, Plaintiff has stated a valid claim of inadequate medical care." (*Id.*). No Defendants object to this aspect of the R&R. The Court accepts the Magistrate Judge's recommendation and finds that Count Thirteen pleads a plausible claim of inadequate medical care and that Defendant Provider Balaji must answer this claim.

## F.     Count Fourteen of the Proposed TAC

---

[7] Count Twelve of the proposed TAC is premised on an entirely different set of factual allegations than Count Two. Liberally read, Plaintiff's objection to the R&R's recommendation with respect to Count Two cannot reasonably be construed as an objection to the R&R's recommendation as to Count Twelve.

Count Fourteen of the TAC alleges that on June 25, 2015, Plaintiff was "denied two pairs of gloves for his colostomy care." (Doc. 150 at 9). Plaintiff alleges that he "showed Medical Staff Myra paperwork from the CHS Director and the external referee stating that he should get two pairs of gloves," and that Defendant Medical Staff Myra refused Plaintiff's request, "stating that Provider Balaji said that Plaintiff should only get one pair of gloves per colostomy supplies." (*Id.*). The R&R recommends that Medical Staff Myra be required to answer Count Fourteen of Plaintiff's TAC, as "Plaintiff has stated a valid claim for deliberate indifference" to his medical needs. (*Id.*). No Defendant objected to this aspect of the R&R, and the Court accepts the Magistrate Judge's recommendation. Defendant Medical Staff Myra must answer Count Fourteen's plausible claim of deliberate indifference.

### G.   Plaintiff's Claims Against Various Grievance Officers

Plaintiff's TAC makes "allegations that Defendants Medical Director Jeffrey Alvarez (previously named John Doe 5 Medical Director Admin.), Medical Pamela Brooks 718 (previously named John Doe 2 CH 718), Medical Supervisor Teressa DeMille (previously named John Doe 4 HS585), and the external referees B. Piirinen and Scott Frye violated Plaintiff's rights by negatively ruling on his grievances." (Doc. 150 at 9). Plaintiff made these allegations in the SAC. In the Court's June 30, 2015, Order accepting as modified the R&R with respect to Plaintiff's SAC, the Court found that all claims for damages against these grievance officers must be dismissed with prejudice, as Defendants were protected by qualified immunity. (Doc. 64 at 20). Plaintiff's claims for injunctive relief against these Defendants, however, could proceed. (*Id.*).

The R&R again recommends that Plaintiff's claims for damages against these Defendants be dismissed with prejudice, and that "these Defendants be ordered to answer Plaintiff's claims for injunctive relief." (Doc. 150 at 9). Neither party has objected to this portion of the R&R, and so the Court accepts the Magistrate Judge's recommendation and finds that Plaintiff's claims for damages against Defendants Director Jeffrey Alvarez,

Medical Pamela Brooks 718, Medical Supervisor Teressa DeMille, and external referees B. Piirinen and Scott Frye must be dismissed with prejudice. The aforementioned Defendants are ordered to answer Plaintiff's claims for injunctive relief.

## V.     Plaintiff's Subsequent Motions for Leave to Amend

As noted *supra*, the R&R addresses two additional motions for leave to amend, filed on December 30, 2015, and January 29, 2016, respectively. (Docs. 146, 147). Also pending are motions for leave to amend filed on May 6, 2016, June 3, 2016, and June 14, 2016. (Docs. 175, 180, 183). Plaintiff's December 30 motion includes the proposed TAC, with an additional substantive count—Count Fifteen—added. (Doc. 146). Plaintiff's January 29 motion seeks to add four grievance forms to his previously filed TAC pursuant to LRCiv 15.1. (Doc. 147). Plaintiff's May 6 motion seeks to add several new counts and Defendants to the Complaint, and the most recent motion seeks to supplement a previously asserted claim with additional documentation. (Docs. 175, 180).

Having reviewed Plaintiff's objection liberally, *Franklin*, 745 F.2d at 1235, the Court finds that Plaintiff has objected to the portion of the R&R recommending that his subsequent motions for leave to amend be denied. Plaintiff argues that "[t]o deny [him] [the opportunity] to [a]mend my Complaint" is to "deny" his legal rights. (Doc. 156 at 2). Plaintiff separately argues that to deny him the opportunity "to exercise his constitutional right[s] under Section 1983 to correct his error is a violation of *Noll v. Carson*, 809 F.2d 1446, 1448 (9th Cir. 1987)." (*Id.*). The Court finds that these two assertions are sufficient to constitute objection to R&R's recommendation that Plaintiff's December 30 and January 29 motions for leave to amend be denied. Thus, the Court must review these recommendations *de novo*.

Generally, Fed. R. Civ. P. 15(a) governs a motion to amend pleadings to add claims or parties. But in the present case, Fed. R. Civ. P. 16 also applies because Plaintiff has requested leave to amend his Complaint after the Magistrate Judge's Rule 16 Scheduling Order deadline expired. The Ninth Circuit has explained that "once the

district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *TriQuint Semiconductor*, *Inc. v. Avago Techs. Ltd.*, No. CV-09-01531-PHX-JAT, 2010 U.S. Dist. LEXIS 89690, at *15 (D. Ariz. Aug. 3, 2010) (quoting *Jackson v. Laureate*, *Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *TriQuint Semiconductor*, 2010 U.S. Dist. LEXIS, at *17 (quoting *Johnson v. Mammoth Recreations*, *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Under Rule 16's "good cause" standard, the moving party is generally required to show:

> (1) that the movant was diligent in assisting the Court in creating a workable Rule 16 Order; (2) that the movant's noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding the movant's diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that the movant was diligent in seeking amendment of the Rule 16 Order, once it became apparent that the movant could not comply with the Order.

*Id*. at *18 (quoting *Jackson*, 186 F.R.D. at 608). The Court may also "modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting *Johnson*, 975 F.2d at 609). But "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

In the matter at hand, the Magistrate Judge's Rule 16 Scheduling Order set a deadline of May 15, 2015, for "[a]ll motions to amend the complaint or to add parties" to the Complaint. (Doc. 22). On May 29, 2015—after the deadline to file a motion to amend had passed—the Magistrate Judge granted Defendants' motion to "vacate the remaining dates in the scheduling order pending resolution of Plaintiff's motion . . . for leave to

amend his complaint." (Doc. 53 at 2). The Magistrate Judge "vacated until such time as the Court adopts or rejects the Report and Recommendation . . . regarding Plaintiff's motion [to amend] at Doc. 23" the "dates set for completing discovery and the filing of further dispositive motions." (*Id.* at 2). The Order never referenced or discussed the then-lapsed deadline for amending the Complaint.

This Court then accepted as modified the Magistrate Judge's above-referenced R&R on June 30, 2015. (Doc. 64). On July 21, 2015, the Magistrate Judge addressed four separate motions for leave to amend to identify particular unidentified Defendants, and granted Plaintiff's motions to the extent that he could file an amended Complaint that substituted certain names for "John/Jane Doe[s]," (Doc. 76 at 4-5), unless Plaintiff were willing to comply with LRCiv 15.1." (*Id.* at 5). The Magistrate Judge also set a new discovery deadline of August 21, 2015,[8] and a new dispositive motions deadline of October 1, 2015. (*Id.*). Plaintiff failed to comply with the July 21 Order, and on November 24, 2015, the Magistrate Judge gave "Plaintiff a final opportunity to amend his . . . Complaint . . . to substitute the names of the defendants as set forth above, including any new defendants Plaintiff has identified, and to include all of Plaintiff's claims" by December 7, 2015. (Doc. 142 at 3).

The record suggests that the initial Rule 16 Scheduling Order date for all motions to amend the Complaint to be filed—May 15, 2015—has been operative throughout the proceedings, that subsequent Orders were restricted to permitting Plaintiff to identify certain Defendants or claims based on evidence obtained during discovery, and that Defendant had shown "good cause" to file an untimely motion to amend on account of discovered evidence. But even under the most liberal reading of the Magistrate Judge's orders, a firm deadline of December 7, 2015, was set for any and all motions for leave to file an amended Complaint. (Doc. 138 at 4). Under this framework, the Court will address each of Plaintiff's motions for leave to amend.

---

[8] The discovery deadline was ultimately continued to September 21, 2015. (Doc. 102).

1

2 **A.     Plaintiff's December 30, 2015, Motion for Leave to Amend (Doc. 146)**

3       The Court begins with Plaintiff's motion for leave to amend filed on December 30,

4 2015. (Doc. 146). Having reviewed the proposed amended Complaint and Plaintiff's

5 motion, the Court finds that Plaintiff has failed to show that good cause exists to permit

6 him to file an untimely amended Complaint under Rule 16. Count Fifteen alleges that

7 between November 2, 2015, and November 16, 2015, Plaintiff's constitutional rights

8 were violated when Plaintiff was put "in [a] close custody segregation cell" and not a

9 medical facility, and that Plaintiff was "bounce[d] back [and] forward between holding

10 tanks and transportation." (Doc. 146 at 2). All of the alleged violations of Plaintiff's

11 constitutional rights occurred *prior* to the Magistrate Judge's November 19, 2015, Order

12 informing Plaintiff that he had until December 7, 2015, to "submit a proper motion for

13 leave to amend and attach a copy of the proposed amended pleading pursuant to LRCiv

14 15.1(a)." (Doc. 138 at 3-4). Nothing indicates that Plaintiff could not reasonably meet the

15 Magistrate Judge's generous deadline without proper diligence. Absent evidence to the

16 contrary, the Court finds that Plaintiff has failed to establish that good cause exists to file

17 an untimely proposed amended Complaint. Plaintiff's motion, (Doc. 146), will be denied.

18       Even assuming Plaintiff had established that "good cause" exists, the Court finds

19 that Count Fifteen fails to state a valid claim for relief, and would be denied on that basis.

20 Count Fifteen alleges, generally, that Plaintiff's Fourteenth Amendment rights were

21 violated. Specifically, the proposed Count Fifteen alleges that LT A7994 and Provider

22 Phillip mistreated Plaintiff when they removed him from general prison population and

23 placed him in a "double door close custody cell" under the auspices of preparing Plaintiff

24 for surgery instead of placing him in a hospital or in the infirmary. (Doc. 146 at 2).

25 Plaintiff further alleges that he was "bounce[d] back [and] forward between holding tanks

26 and transportation." (*Id.*). These actions, Plaintiff asserts, violated his constitutional

27 rights.

28       As discussed *supra*, Plaintiff—a pretrial detainee at the time—has alleged that

Defendants were deliberately indifferent to his medical needs. To establish deliberate indifference, Plaintiff must make out a plausible claim that he had a serious medical need that Defendants failed to treat, resulting in "significant injury or the unecesary or wanton infliction of pain," and that Defendants' response "was deliberately indifferent." *Jett*, 439 F.3d at 1096 (citations omitted).

Having reviewed Plaintiff's filing liberally, *Franklin*, 745 F.2d at 1235, the Court finds that Plaintiff has failed to state a valid claim for relief. Nowhere in Count Fifteen does Plaintiff allege how he was injured by Defendants' alleged failure to provide him with appropriate medical care. Furthermore, Plaintiff has alleged no facts to establish that LT A7994 and Provider Phillip were deliberately indifferent to Plaintiff's "serious medical needs." Specifically, Count Fifteen lacks any allegation that the aforementioned officials failed to respond to Plaintiff's medical need and that their indifference caused Plaintiff "unnecessary and wanton infliction of pain." In sum, even assuming Plaintiff could establish good cause under Rule 16 to file an untimely amended Complaint, Count Fifteen fails to state a valid claim for relief, and must be dismissed.

**B.      Plaintiff's January 29, 2016, Motion for Leave to Amend (Doc. 147)**

Similarly, Plaintiff's January 29, 2016, motion, (Doc. 147), will also be denied as untimely. The four "Inmate External Grievance Appeal Form[s]" that comprise Plaintiff's motion fail to show good cause under Rule 16(b). Moreover, even if Plaintiff could establish good cause, Plaintiff's January 29 motion fails to comply with this district's Local Rules,[9] and the Court is within its discretion to deny the motion on this basis alone. *See Young v. Nooth*, 539 Fed. Appx. 710 (9th Cir. 2013) (affirming the district court's decision to deny leave to amend where Plaintiff failed to comply with local rules); *see*

---

[9] LRCiv 15.1(a) requires that a party seeking the Court's leave to file an amended complaint proffer "a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Plaintiff's motion fails to comport with this rule.

*also Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007) (citing *Waters v. Weyerhaeuser Mortgage Co.*, 582 F.2d 503, 507 (9th Cir. 1978)) (finding that the district court was within its discretion to deny a motion to amend for failure to adhere to the local rules "on that basis alone").

**C.      Plaintiff's May 6, 2016, Motion for Leave to Amend (Doc. 175)**

The Court next addresses Plaintiff's motion for leave to amend, filed on May 6, 2016. Plaintiff has been given leave to amend on a number of occasions by the Magistrate Judge, both to amend his Complaint substantively and to identify previously unknown Defendants through the discovery process. Even under the most liberal reading of the Magistrate Judge's orders, the Rule 16 deadline for filing a motion for leave to amend the Complaint was December 7, 2015. (Doc. 138 at 4). Plaintiff can point to nothing that suggests "good cause" exists to permit him to file a motion to amend that is untimely by six months.

The new substantive claims contained in this iteration of the proposed amended Complaint all rest on factual allegations that occurred in December 2015 and March 2016. (Doc. 176 at 21-31). Plaintiff is alleging new violations of his constitutional rights based on recent actions by Defendants. These claims do not relate back to the initial Complaint under Fed. R. Civ. P. 15(c)(1)(B), and Plaintiff is unable to show that he could not comply with the Magistrate Judge's Rule 16 deadline due to "the development of matters which could not have been reasonably foreseen." *TriQuint Semiconductor*, 2010 U.S. Dist. LEXIS, at *17 (quoting *Johnson*, 975 F.2d at 609). Further, Plaintiff did not show diligence in seeking to amend the Rule 16 Scheduling Order once noncompliance was evident, and did not acknowledge his own noncompliance. Finally, the Court finds that the Magistrate Judge's Rule 16 Scheduling Order deadlines could be met with reasonable diligence on Plaintiff's part, as the Magistrate Judge gave Plaintiff ample leave to amend his Complaint. In short, nothing suggests that "good cause" to file an untimely amended Complaint exists, the standard under Rule 16(b). It follows that

1   Plaintiff's May 6, 2016, motion for leave to amend, (Doc. 175), is denied.

2

3   **D.      Plaintiff's June 3, 2016, Motion for Leave to Amend (Doc. 180)**

4          Next, the Court addresses Plaintiff's June 3 filing, a "Motion to Submit Notice of

5   Claim for Count- 18 in New Amended Complaint Pursuant to LRCiv 15.1(a)." (Doc.

6   180). The Court interprets this as a new motion for leave to file an amended Complaint.

7   Having reviewed the substance of the motion, Plaintiff has filed supplemental documents

8   relating to "Count Eighteen," which Plaintiff sought to allege in his May 6 motion. (Doc.

9   175 at 38). For the reasons discussed above, Plaintiff has failed to show that good cause

10  exists to permit the filing of a motion to amend that is untimely by seven months.

11  Moreover, even if good cause existed, Plaintiff's most recent efforts fail to comport with

12  LRCiv 15.1(a). Plaintiff's motion for leave to amend, (Doc. 180), will therefore be

13  denied.

14

15  **E.      Plaintiff's June 14, 2016 Motion for Leave to Amend (Doc. 183).**

16         On June 14, 2016, Plaintiff filed a "Motion for Final Judgment on Document 150

17  [R]ecommend [C]oncerning Judgment on Count-2." (Doc. 183). The Court finds that the

18  most appropriate characterization of this motion is one for leave to file an amended

19  Complaint. The motion speaks to Count Two of the TAC, addressed above, and again

20  repeats the argument that Defendant P.A. Barker "[t]hrough his medical training" should

21  have known that two pairs "of gloves every other day w[ould] not suf[f]ice" to serve

22  Plaintiff's medical needs. (*Id.* at 1). Plaintiff also asserts that he exhausted his available

23  administrative grievances with respect to this claim. Plaintiff then proceeds to attach

24  various documentary evidence to corroborate his claim. This most recent filing, best

25  interpreted as a motion for leave to file an amended Complaint, is untimely, and plainly

26  does not comply with LRCiv. 15.1(a), and will be denied. *Young*, 539 Fed. Appx. 710.

27         Having reviewed Plaintiff's filings liberally, *Franklin*, 745 F.2d at 1235, the Court

28  finds that the five motions for leave to amend filed by Plaintiff after December 7, 2015,

are untimely under Rule 16, and that good cause does not exist justifying untimely filing. It follows that these four motions, (Docs. 146, 147, 175, 180), will be denied. The Court further notes that absent extraordinary circumstances, any future motions to amend the Complaint will not be viewed favorably. Should such circumstances be present, the Court reminds Plaintiff that "good cause" must exist under Rule 16, and that any proposed amended Complaint must comply with both federal and local rules.

## VI.    Plaintiff's Miscellaneous Motion

On June 9, 2016, Plaintiff filed a "Motion for Ruling on Entire Case." (Doc. 182). Plaintiff asserts that he is entitled to "a ruling on this entire case due to [i]nternal bleeding and hematoma." (*Id.* at 1). Plaintiff further argues that the doctor for Defendants is "lying" now and is "pumping [him] with pints of blood" and "antibiotics" to cover up Defendants' mistreatment. (*Id.*). On this basis, Plaintiff seeks "a ruling on the entire case." (*Id.*). Plaintiff's motion seeks inappropriate relief. The Court has ruled on Plaintiff's objection to the Magistrate Judge's R&R. Certain Defendants will be required to answer the claims alleged by Plaintiff, and the matter will proceed from that point. Plaintiff's motion, (Doc. 182), is denied.

## VII.   Claims for Which an Answer is Required

Plaintiff's TAC contains a total of twelve valid claims alleged against twenty three individual Defendants. The R&R is worthy of recognition, as the Magistrate Judge meticulously combed through the TAC and set forth which Defendants an answer is required of, and to which claims each Defendant must answer. Because neither Plaintiff nor any Defendant have raised an objection to this portion of the R&R, the Court accepts the Magistrate Judge's recommendation, and sets forth in full the adopted recommendation below. The following Defendants must provide an answer:

> Defendant Provider Balaji [must] answer Count One of Plaintiff's TAC . . . Defendants Officer Rita Showalter A8845

and Medical Nurse Mary [must] answer Count Three of Plaintiff's TAC . . . Defendant Jane Doe 7 Medical Staff [must] answer Count Four of Plaintiff's TAC . . . Defendants 1st Shift Medical Samantha Perez and John Doe 8 Staff [must] answer Count Five of Plaintiff's TAC . . . Defendants Graveyard Shift R.N. Lois Quaid and John Doe Officer 9 [must] answer Count Six of Plaintiff's TAC . . . Defendants Jane Doe 10 Medical Staff, John Doe 11 Officer, and John Doe 12 Medical Staff [must] answer Count Seven of Plaintiff's TAC; that Defendants John/Jane Doe 13 Medical Staff and P.A. Matthew Barker [must] answer Count Eight of Plaintiff's TAC; that Defendants Jane Doe 15 Medical and Medical Deborah Jean Davis [must] answer Count Nine of Plaintiff's TAC . . . Defendant Medical Tatjana Stojikovic CS993 [must] answer Count Ten of Plaintiff's TAC . . . Defendant Officer Graciela Perez A9647 [must] answer Count Eleven of Plaintiff's TAC . . . Defendant Provider Balaji [must] answer Count Thirteen of Plaintiff's TAC . . . Defendant Medical Staff Myra [must] answer Count Fourteen of Plaintiff's TAC; and that Defendants Grievance Officers (Defendants Medical Director Jeffrey Alvarez, Medical Pamela Brooks 718, Medical Supervisor Teressa DeMille, and the external referees B. Piirinen and Scott Frye) [must] answer Plaintiff's claims for injunctive relief.

(Doc. 150 at 12).

Defendants Officer Watzek A8993 and Provider Erika Saretsky, PA, the only named Defendants not required to answer any allegation contained in the TAC, are hereby dismissed from the suit.

## VII.   Conclusion

Accordingly,

/

/

/

/

/

/

**IT IS FURTHER ORDERED** that the reference to the Magistrate Judge is **withdrawn** only with respect to Plaintiff's Motions for Leave to File an Amended Complaint, (Doc. 175, 180, 183), and Plaintiff's Motion for Ruling on Entire Case, (Doc. 182), and that all other matters must remain with the Magistrate Judge.

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation, (Doc. 150), is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend, (Doc. 143), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Officer Watzek A8993 and Provider Erika Saretsky, PA are **DISMISSED**, from this action with prejudice.

**IT IS FURTHER ORDERED** that Count Two of the TAC is **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that Count Twelve of the TAC is **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that the claims for damages against Defendants Medical Director Jeffrey Alvarez, Medical Pamela Brooks, Medical Supervisor Teressa DeMille, and External Referees B. Piirinen and Scott Frye are **DISMISSED** with prejudice.[10]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. 146), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. 147), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. 175), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. 180), is **DENIED**.

---

[10] Although the claims for damages against these five Defendants are dismissed, the claims for injunctive relief are not. Therefore, these Defendants are not dismissed entirely from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling on Entire Case, (Doc. 182), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. 183), is **DENIED**.

Dated this 15th day of June, 2016.

James A. Teilborg
Senior United States District Judge