WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrius Antwan Wilson, | No. CV-14-01613-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph M Arpaio, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Demetrius Wilson's August 10, 2016, appeal from an Order of Magistrate Judge Fine. (Doc. 219). Plaintiff requests a review of the Order by an *en banc* sitting of the United States Court of Appeals for the Ninth Circuit. Plaintiff's appeal will be reviewed by this Court, which looks to determine whether the Magistrate Judge committed "clear error." Title 28 U.S.C. § 636(b)(1)(A) (2012); *Barten v. State Farm Mut. Auto. Ins. Co.*, No. CZV-12-0399-TUC-CKJ, 2014 U.S. Dist. LEXIS 133569, at *10 (D. Ariz. Sept. 23, 2014) (quoting *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1041 (9th Cir. 2010)).

Plaintiff's appeal stems from the Magistrate Judge's August 8, 2016, Order requiring that Plaintiff establish, within twenty one (21) days, that he had complied with service of process for certain defendants, or risk dismissal of his case. (Doc. 198 at 1). The next day, the Magistrate Judge found that Plaintiff had "attempted to return service packets for several defendants which did not make it back to the Clerk of the Court." (Doc. 201 at 1). In light of Plaintiff's efforts, the Magistrate Judge deemed the August 8,

2016, Order to show cause satisfied. (*Id.* at 1-2). The appeal is therefore moot. To the extent Plaintiff appeals[1] from any other aspect of the Magistrate Judge's August 8, 2016, Order, (Doc. 198), the Court finds nothing to suggest that "clear error" occurred.

Accordingly,

**IT IS ORDERED** that Plaintiff's appeal, (Doc. 219), is **DENIED**, and the Magistrate Judge's August 8, 2016 Order, (Doc. 198), is **AFFIRMED**.

Dated this 18th day of August, 2016.

James A. Teilborg
Senior United States District Judge

---

[1] Plaintiff asserts that "Magistrate Judge Deborah M. Fine has something personal against the Plaintiff, and [is] seeking to thro[w] his [C]omplaint out." (Doc. 219 at 1). Plaintiff fails to support this stand-alone assertion with any evidence, and the Court finds nothing to indicate that the Magistrate Judge has been anything other than impartial. Thus, even assuming Plaintiff's unsupported assertion can be properly characterized as an appeal, it is unpersuasive, and the Court finds no evidence that the Magistrate Judge clearly erred.