WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrius Antwan Wilson, | No. CV-14-01613-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph M Arpaio, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Demetrius Wilson's December 19, 2016 appeal from a pretrial order of Magistrate Judge Deborah M. Fine. (Doc. 238). The Court now rules on the motion.

**I.   Background**

For the purposes of this appeal, the Court will not recite the underlying facts of the case. Instead, it is sufficient to note that Plaintiff filed a motion for summary judgment in this case on October 26, 2016. (Doc. 230). On October 27, Plaintiff filed a request for leave to amend his summary judgment motion. (Doc. 232). Defendants filed a motion to strike Plaintiff's request for leave to amend, arguing that it was untimely and improper under the Federal Rules of Civil Procedure. (Doc. 233). Magistrate Judge Fine granted Defendant's motion to strike, finding that Plaintiff's request violated the local rules of civil procedure because it did not clearly outline the changes Plaintiff sought to make. (Doc. 237). Plaintiff then filed this appeal.

## II. Analysis

When a magistrate judge issues a pretrial order, this Court may review the order "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Title 28 U.S.C. § 636(b)(1)(A) (2012); *Barten v. State Farm Mut. Auto. Ins. Co.*, No. CZV-12-0399-TUC-CKJ, 2014 U.S. Dist. LEXIS 133569, at *10 (D. Ariz. Sept. 23, 2014) (quoting *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1041 (9th Cir. 2010)). The Court will overturn a Magistrate Judge's decision only if it is the result of "clear error." *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (citations omitted). Under this standard of review, the Magistrate Judge's decision is "not subject to de novo determination," and the Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). In order to find clear error, the Court must have a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001).

Plaintiff has shown no clear error here. For example, Plaintiff's appeal claims that "[D]efendant(s) never filed such motion to strike." (Doc. 238 at 1). This is an incorrect statement. Defendants filed a motion to strike Plaintiff's request for leave to amend his summary judgment motion on November 14, 2016, and a copy of the motion to strike was mailed to Plaintiff on the same day. (Doc. 233 at 3).

The Court also notes that Plaintiff has not shown that he has been prejudiced by the order granting Defendants' motion to strike. After a brief review of Plaintiff's motion for summary judgment and his proposed amended motion for summary judgment, this Court does not find that the two documents are significantly different. Moreover, Judge Fine's order struck only Plaintiff's request for leave to amend; it did not strike his initial motion for summary judgment, and Plaintiff will still be entitled to a decision on that motion in due course.[1]

---

[1] Plaintiff's request for final judgment under Federal Rule of Civil Procedure ("Rule") 54(c) is also denied. Rule 54(c) does not empower the Court to enter a final judgment, but rather defines what relief the Court may grant in a final judgment when

- 2 -

Accordingly,

**IT IS ORDERED** that Plaintiff's appeal (Doc. 238) is **DENIED**, and the Magistrate Judge's Order (Doc. 237) is **AFFIRMED**.

Dated this 27th day of December, 2016.

James A. Teilborg
Senior United States District Judge

---

one is appropriate.